**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

        Plaintiff,

    -v-                                   **14-CR-130S**

**SREEKRISHNA M. CHERUVU,**

        Defendant.
_____

**DECISION AND ORDER**

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report on dispositive motions.

**PRELIMINARY STATEMENT**

The defendant, Sreekrishna M. Cheruvu ("the defendant"), is charged in a multi-count Superseding Indictment with having violated Title 18 U.S.C. Sections 1347, 1035(a)(2) and 2. Dkt. #26. The defendant has filed an omnibus discovery motion wherein he seeks production and disclosure of various items and information from the government. Dkt. #55. The government has filed a response to these demands. Dkt. #58. Oral argument on the motion was heard by this Court and the matter was taken under advisement. The following constitutes the Court's ruling on each of the defendant's requests.

**DISCUSSION AND ANALYSIS**

1. **Production of Statements of the Defendant, Dkt. #55, p. 5**

The defendant fails to identify specific statements allegedly made by the defendant in this application and the government represents that it has no statements of the defendant which it plans to use at trial. Therefore, this request is denied as being moot.

2. **Statements of Co-Conspirators, Dkt. #55, pp. 6-7**

The government represents that there are no co-conspirators in this case and therefore no co-conspirator statements which it intends to use at trial. Dkt. #58, p. 4. Therefore, this request of the defendant is denied as being moot.

3. **Request for a Bill of Particulars, Dkt. #55, pp. 7-16**

The defendant's request is DENIED. It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927). The charges in the Superseding Indictment, along with the discovery materials provided or to be provided by the government clearly inform the defendant of the essential facts of the crimes charged. As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.

> "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, ____ U.S. ____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also Bortnovsky*, 820 F.2d at 574. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); see also United States v. Chen, 378 F.3d 151, 163 (2d Cir. 2004); United States v. Porter, 2007 WL 4103679 (2d Cir. 2007).

### 4. Identity of Informants, Dkt. #55, p. 17

The government advises that it is not aware of any informants in this case. Therefore, this request of the defendant is denied as moot.

### 5.     Pre-Trial Access to Government Witnesses, Dkt. #55, pp. 21-23

The defendant has moved for disclosure of the identity of witnesses who will testify at trial, but has offered no "particularized showing of need" for same.  *See United States v. Hennings,* No. 95-CR-0010A, 1997 WL 714250, at *13.  Fed.R.Crim. P. 16 does not require such disclosure, and because there has been no showing of need, the motion is denied.  *See id.; United States v. Bejasa,* 904 F.2d 137, 139 (2d Cir.), *cert. denied,* 498 U.S. 921 (1990); *United States v. Johnson,* No. 92-CR-39A, 1994 WL 805243 (W.D.N.Y. May 26, 1995), *aff'd,* 108 F.3d 1370 (1997); *United States v. Pastor,* 419 F. Supp. 1318, 1320 (S.D.N.Y. 1975).

### 6.     Defendant's Request for Rules 16 and 12 Fed. R. Crim. P. Evidence, Dkt. #55, p. 25

The government represents that it has complied with the requirements of Rule 16 of the Fed. R. Crim. P. in its production and delivery of voluntary discovery materials to the defendant.  Dkt. # 58, p. 11.  Therefore, this request is denied as being moot.

**7.    Defendant's Request for Copies of Search Warrants and Applications and Inventories of Items Seized, Dkt. #55, p. 32**

The government states that these items requested by the defendant have been supplied to the defendant in the discovery materials delivered to the defendant. Dkt. #58, p. 11.  Therefore, this request is denied as being moot.

**8.    Defendant's Request for Copies of His Prior Criminal Record, Dkt. #55, p. 31**

The government has responded to this request by stating that the defendant "does not have a prior criminal record."  Dkt. #58, p. 12.  Therefore, this request is denied as being moot.

**9.    Defendant's Request for Evidence Relating to His Identification, Dkt. #55, pp. 32-33**

The government indicates that it has no such evidence since "there have been no identification proceedings in this case."  Dkt. #58, p. 13.  Therefore, this request is denied as being moot.

**10.   Defendant's Request for Reports of Examinations and Tests, Dkt. #55, p. 33**

The government states that "at this time, [it] is not in possession of, and has no knowledge of, any reports regarding physical or mental examinations" and that if any type of reports are generated "in connection with this case," they "will be provided to the defense upon receipt by the government."  Dkt. #58, p. 13.  Based on this

representation of the government, the defendant's request is denied on the basis that it is moot.

### 11. Defendant's Request for Production of *Brady, Jencks* and *Giglio* Material, Dkt. #55, pp. 33-48

The defendant has made a broad request for any and all materials and/or information, including a culling of government agent personnel files, that would be "exculpatory" to the defendant which the Court interprets as a broad request for "*Brady*," "*Giglio*" and "*Jencks*" materials as the defendant has used those labels in his motion.

The government has acknowledged its responsibility under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) and subsequent cases. The government has also represented that it will comply with the requirements of 18 U.S.C. § 3500 with respect to production of statements of witnesses called to testify at trial. As a result of these representations, the defendant's request for such materials, *i.e., Brady, Giglio* and *Jencks* is DENIED, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant."

*Coppa* at 146.  The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use."  *Coppa* at 144.  With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony.  *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

**12.    Defendant's Request for Disclosure of Evidence Pursuant to Rules 404(b), 608 and 609 of the F.R.E.**

Rule 404(b) only requires that "the prosecution. . . provide reasonable notice in advance of trial. . . of the *general* nature of any such evidence it intends to introduce at trial" (emphasis added).  This has been done, and as a result, defendant's request on this issue is DENIED as being moot.

The issue of admissibility of such evidence, as raised in the defendant's request, pursuant to Rules 404(b) and 609 FRE is best left to the determination of the trial judge at the time of trial.

Rule 608 F.R.E. does not contain a required pretrial notice as set forth in Rule 404(b).  Therefore, there is no requirement on the part of the government to make any disclosure of evidence, or its intent to use evidence at the trial pursuant to Rule 608 at this time.  Therefore, defendant's request in this regard is DENIED.

### 13.  Defendant's Request for Preservation of Rough Notes, Dkt. #33, p. 51

The government has responded to this request by stating that it "will endeavor to maintain such materials, if they exist."  Dkt. #58, p. 18.  Based on this representation, the defendant's request is denied as being moot.

### 14.  Defendant's Request for Production of Grand Jury Minutes, Dkt. #55, p. 51

The defendant has moved, pursuant to Rule 6(e)(3)(C)(I) of the Federal Rules of Criminal Procedure "for the disclosure of transcripts of all testimony before and all exhibits considered by the grand jury that indicted" the defendant.  In support of this request, the defendant merely asserts that he "has a particularized need for the transcripts" because the defendant "is the subject of a bare bones Indictment" which does not state any particular acts or overt acts that he allegedly committed in the course of the alleged criminal activity.  "The particularized need justifying disclosure is so that the defendant is informed of what evidence actually exists against him, and so he can intelligently make a decision as to his course of action." (Docket # 55, p. 52).

It is a long-established rule that "[t]he burden. . . is on the defense to show that 'a particularized need' exists for the minutes [of the grand jury] which outweighs the policy of secrecy." *Pittsburgh Plate Glass Co v. United States*, 360 U.S. 395, 400 (1959). The assertion of the defendant as to his "particularized need" is legally insufficient to require disclosure of the grand jury proceedings as requested by him. It is pointed out that transcripts of grand jury testimony of witnesses called by the government to testify at trial must be made available to the defendant pursuant to and in accordance with the provisions of 18 U.S.C. § 3500.

### 14. Defendant's Request to Voir Dire Government Experts Outside the Presence of the Jury, Dkt. #55, pp. 52-53

The defendant requests an order pursuant to Rule 104 of the FRE permitting him to "*voir dire* any proposed government experts at trial outside the presence of the jury." This motion is premature and is best left for determination by the trial judge and therefore, said motion is DENIED with the right of the defendant to make it *de novo* at the trial before the trial judge pursuant to Rule 104(a) FRE.

### 15. Defendant's Request for an Audibility Hearing, Dkt. #55, p. 54

In response to this request, the government has stated that "there are no recordings." Dkt. #58, p. 20. Therefore, this request is denied as being moot.

**16.    Defendant's Request for Leave to Make Other Motions, Dkt. #33, p. 72**

The defendant requests permission to file additional motions "which may be necessitated by due process of law, by the Court's ruling on the relief sought herein, by additional discovery provided by the government or investigation made by the defense, and/or any information provided by the government in response to the defendant's demands." This request is GRANTED subject to the limitations as contained in the aforesaid quote.

It is hereby **ORDERED** pursuant to 28 U.S.C § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statue, Fed.R.Crim.P. 58(g)(s) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time**

**waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

       The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:    April 12, 2016
          Buffalo, New York

*S/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**