**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

           **Plaintiff,**

      **-v-**                                      **14-CR-130S**

**SREEKRISHNA M. CHERUVU,**

           **Defendant.**
_____

### REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report on dispositive motions.

### PRELIMINARY STATEMENT

The defendant, Sreekrishna M. Cheruvu ("the defendant"), is charged in a multi-count Superseding Indictment with having violated Title 18 U.S.C. Sections 1347, 1035(a)(2) and 2. Dkt. #26. The defendant has made a motion wherein he seeks to have the superseding indictment herein dismissed by claiming that "the counts charged in the indictment do not reference interstate commerce as a basis for obtaining jurisdiction;" that "the statutes set out in the indictment are unconstitutionally vague" and that the "allegations against [the defendant] are really civil in nature and are not criminal." Dkt. #55, pp. 71-72. The defendant also asserts that "counts 4 through 13 of

the indictment are multiplicitous because the charges contained therein are really a continuing offense and should not have been charged as separate offenses" and therefore, the indictment "must be dismissed."  Dkt. #55, p. 72.

## DISCUSSION AND ANALYSIS

### A.  Defendant's Lack of Jurisdiction Claim

The defendant is specifically charged with having violated Title 18 U.S.C. § 1347 in Counts 1, 2, and 3 of the superseding indictment and Title 18 U.S.C. § 1035(a)(2) in Counts 4 through 13 of the superseding indictment.  Dkt. #26.

Title 18 U.S.C. § 1347 states:

> (a) whoever knowingly and willfully executes, or attempts to execute, a scheme or artifice -
>
> (1) to defraud any health care benefit program; or
>
> (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program,
>
> in connection with the delivery of or payment for health care benefits, items, or services, shall be fined under this title or imprisoned not more than 10 years, or both. If the violation results in serious bodily injury (as defined in section 1365 of this title), such person shall be fined under this title or imprisoned not more than 20 years, or both; and if the violation results in death, such person shall be fined under this title, or imprisoned for any term of years or for life, or both.

> (b) With respect to violations of this section, a person need not have actual knowledge of this section or specific intent to commit a violation of this section.

Title 18 U.S.C. § 1035(a)(2) states:

> (a) Whoever, in any matter involving a health care benefit program, knowingly and willfully-
>
> \*   \*   \*
>
> (2) makes any materially false, fictitious, or fraudulent statements or representations, or makes or uses any materially false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry,
>
> in connection with the delivery of or payment for health care benefits, items, or services, shall be fined under this title or imprisoned not more than 5 years, or both.

The United States Supreme Court has expressly held that "[f]ederal crimes are defined by Congress, and so long as Congress acts within its constitutional power in enacting a criminal statute, this Court must give effect to Congress' expressed intention concerning the scope of conduct prohibited." *United States v. Kozminski*, 487 U.S. 931, 939-40 (1988). The Supreme Court has further stated that:

> In a number of cases the Court has emphasized two of the protections which an indictment is intended to guarantee, reflected by two of the criteria by which the sufficiency of an indictment is to be measured. These criteria are, first, whether the indictment "contains the elements of the offense intended to be charged, 'and sufficiently apprises the

> defendant of what he must be prepared to meet,'" and, secondly, "'in case any other proceedings are taken against him for a similar offence, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.' Cochran and Sayre v. United States, 157 U.S. 286, 290; Rosen v. United States, 161 U.S. 29, 34." Hagner v United States, 285 US 427, 431, 76 L ed 861, 865, 52 S Ct 417.  See Potter v United States, 155 US 438, 445, 39 L ed 214, 217, 15 S Ct 144; Bartell v United States, 227 US 427, 431, 57 L ed 583, 585, 33 S Ct 383; Berger v United States, 295 US 78, 82, 79 L ed 1314, 1318, 55 S Ct 629; United States v Debrow, 346 US 372, 377, 378, 98 L ed 92, 97, 74 S Ct 113.

*Russell v. United States*, 369 U.S. 749, 763-64 (1962).

There is no requirement in either of the above quoted statutes that the government allege, let alone prove, that jurisdiction for making these charges against the defendant rests upon "interstate commerce."  Both statutes expressly address criminal activity constituting health care fraud which Congress has the power to address statutorily.  Therefore, it is recommended that defendant's motion seeking dismissal of the superseding indictment because "the counts charged in the indictment do not reference interstate commerce as a basis for obtaining jurisdiction" be denied.

### B. Defendant's Claim that Sections 1035(a)(2) and 1347 of Title 18 U.S.C. are Unconstitutionally Vague

The defendant argues that Sections 1035(a)(2) and 1347 of Title 18 U.S.C. as alleged in the superseding indictment "are unconstitutionally vague . . . because the counts in the indictment are facially invalid and the claim should be evaluated as it applies to the defendant."  Dkt. #55, p. 71.  He asserts that "the statutes do not specifically incorporate rules on billings, submissions and codes" and that "the

counts assume knowledge of the CPT[1] manual" and therefore, "there is no rational basis upon which a physician such as [the defendant] could be charged" thereby making such charges "void for vagueness."  Dkt. #55, pp. 71-72.

In addressing the issue of "vagueness, the United States Supreme Court has stated:

> A statute can be impermissibly vague for either of two independent reasons.  First, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits.  Second, if it authorizes or even encourages arbitrary and discriminatory enforcement. [T]he first concern may be ameliorated by the fact that [§§ 1035 and 1347] contain a scienter requirement.

*Hill v. Colorado*, 530 U.S. 703, 732 (2000); *Chicago v. Morales*, 527 U.S. 41, 56-57 (1996).

In determining whether a statute is ambiguous, "a court must first determine whether the statute gives the person of ordinary intelligence a reasonable opportunity to know what is prohibited and then consider whether the law provides explicit standards for those who apply it."  *United States v. Strauss*, 999 F.2d 692, 697 (2d Cir. 1993); *Chatin v. Coombe*, 186 F.3d 82, 87 (2d Cir. 1999); *United States v. Handakas*, 286 F.3d 92, 101 (2d Cir. 2002).  If the statute is "plain and unambiguous on its face, a court ordinarily does not look to legislative history as a guide to its meaning."  *Tenn. Valley Auth. v. Hill*, 437 U.S. 153, 185, n. 29 (1978); *United States v. Nelson,* 277 F.3d 164, 186 (2d Cir. 2002).  The fact that Congress may have used broad language in crafting a criminal statute does not cause it to be impermissibly vague. *United States v. Cueto,* 151 F.3d 620, 630 (7th Cir. 1998); *United States v. Brenson*, 104 F.3d 1267, 1281 (11th Cir. 1997).  As the United States Supreme Court has held:

---

[1] CPT stands for Current Procedural Terminology codes which identify the nature and complexity of medical or health care services provided.

> The root of the vagueness doctrine is a rough idea of fairness. It is not a principle designed to convert into a constitutional dilemma the practical difficulties in drawing criminal statues both general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that certain kinds of conduct are prohibited.

*Colten v. Kentucky*, 407 U.S. 104, 110 (1972); *United States v. Lanier*, 520 U.S. 259, 271 (1997).

Since Sections 1035(a)(2) and 1347 of Title 18 U.S.C. only apply to a person who "knowingly and willfully" commits the described acts therein relating to "health care matters" and "health care fraud," the issue of notice is properly "ameliorated by the fact that [they] contain[ ] a scienter requirement." *Hill v. Colorado, supra*. Furthermore, as part of its burden of proof, the government must prove a specific intent with respect to each statute and that requirement nullifies defendant's claim of impermissible vagueness. *See United States v. Rybicki*, 287 F.3d 257, 263 (2d Cir. 2002); *United States v. Margiotta*, 688 F.2d 108, 129 (2d Cir. 1982); *United States v. Bohonus*, 628 F.2d 1167, 1174 (2d Cir. 1980).

The words in both statutes are common words which have a plain and unambiguous meaning and therefore, the "likelihood that anyone [of ordinary intelligence] would not understand any of those common words seem quire remote." *Hill v. Colorado, supra* at 732. The defendant's education and possession of a medical degree and license to practice medicine surely nullifies any claim that the defendant cannot be said to be a person of ordinary intelligence. Therefore, it is recommended that defendant's motion to dismiss the superseding indictment based on a claim of unconstitutional vagueness be denied.

### C. Defendant's Claim that the "Allegations Against the Defendant are Really Civil in Nature and are not Criminal

This claim of the defendant is totally without merit and defies logic. As part of the "Introductory Allegations" in the superseding indictment, numerous alleged acts of the defendant are described under the headings "False Billings for Services Rendered by Defendant While Outside the United States," "False Billings for Individual Office Visits Instead of Group Therapy," and "False Billings for Services Rendered to Family Members of Patients." Dkt. #26, pp. 5-9. These same alleged acts are "realleged and incorporated by reference" in Counts, 1, 2, 3 and 4 through 13 of the superseding indictment wherein the defendant is expressly charged with having criminally violated Title 18 U.S.C. §§ 1035(a)(2) and 1347 by reason of those acts. Dkt. #26, pp. 9, 12, 14 and 17.

Therefore, it is recommended that defendant's motion seeking dismissal of the superseding indictment because the "allegations against [him] are really civil in nature and are not criminal" be in all respects denied.

### D. Defendant's Claim that Counts 4 through 13 in the Superseding Indictment are Multiplicitous

Defendant argues that Counts 4 through 13 of the superseding indictment "are multiplicitous because the charges contained therein are really a continuing offense and should not have been charged as separate offenses" and therefore the indictment "must be dismissed." DKt. #53, p. 72. This claim of the defendant is also without legal merit.

> An indictment is multiplicitous when it charges a single offense as an offense multiple times, in separate counts, when, in law and fact, only one crime has been committed. *See United States v. Holmes*, 44 F.3d 1150, 1153-54 (2d

> Cir. 1995); *see also United States v. Nash*, 115 F.3d 1431, 1437 (9th Cir. 1997). This violates the Double Jeopardy Clause of the Fifth Amendment, subjecting a person to punishment for the same crime more than once. *See U.S. Const. Amend. V.; United States v. Dixon*, 509 U.S. 688, 696, 113 S. Ct. 2849, 125 L. Ed.2d 556 (1993) ("In both the multiple punishment and multiple prosecution contexts, this court has concluded that where two offenses for which the defendant is punished or tried cannot survive the "same elements" test, the double jeopardy bar applies."); *see also United States v. Morgan*, 51 F.3d 1105, 1108 (2d Cir. 1995) ('If a person is twice subject to punishment for the same offense, double jeopardy attaches.")
>
> \* \* \*
>
> In assessing whether a defendant is impermissibly charged with essentially the same offense more than once in violation of the Double Jeopardy Clause of the Constitution, the touchstone is whether Congress intended to authorize separate punishments for the offensive conduct under separate statutes. *See Holmes*, 44 F.3d at 1154. It is not determinative whether the same conduct underlies the counts; rather, it is critical whether the "**offense**" -- in the legal sense, as defined by Congress -- complained of in one count **is the same as that charged in another**.

*United States v. Chacko*, 169 F.3d 140, 145, 146 (2d Cir. 1999) (emphasis added).

Counts 4 through 13 of the Superseding Indictment charge the defendant with having violated Title 18 U.S.C. § 1035(a)(2), *i.e.*, submission of false statements relating to health care matters. Dkt. #26. Each count clearly sets forth all of the necessary details that establish that each count charged is totally separate from the others in that each count shows the alleged dates on which the defendant claims health care services were rendered by him; the patient identified by initials for whom health care was provided by the defendant; the dates on which the alleged false claim forms were submitted by the defendant to a specifically named health care program; and the

dates on which the defendant was allegedly out of the country and therefore could not have provided health care to patients at his office as claimed. As a result, Counts 4 through 13 of the superseding indictment set forth in separate ample detail such facts that the government must prove in order to convict the defendant of having violated Title 18 U.S.C. § 1035(a)(2). Each count requires proof of a fact which the other does not and therefore, the counts are not multiplicitous. *Blockburger v. United States*, 284 U.S. 299, 304 (1932). As the Court of Appeals for the Second Circuit has held:

> To assess whether the two offenses charged separately in the indictment are really one offense charged twice, the "same elements" test or the "*Blockburger*" test is applied. The *Blockburger* test examines whether each charged offense contains an element not contained in the other charged offense. *See Dixon*, 509 U.S. at 696, 113 S. Ct. 2849. If there is an element in each offense that is not contained in the other, they are not the same offense for the purposes of double jeopardy, and they can both be prosecuted.

*Chacko,* 169 F.3d at 146 (citations omitted) (emphasis added).

Each claim form submitted in each count of the indictment has a chronologically and substantially independent difference from the others, as do the dates of alleged health care service provided to the patients of the defendant. Each submission seeking payment from the different health care programs constitutes a separate, independent act by the defendant allegedly in violation of Title 18 U.S.C. § 1035(a)(2). Therefore, Counts 4 through 13 are not multiplicitous. *See United States v. Harris*, 79 F.3d 223, 232 (2d Cir. 1996); *United States v. Glanton*, 707 F.2d 1238, 1240 (11th Cir. 1996); *United States v. Miranne*, 688 F.2d 980, 986 (5th Cir. 1982).

Therefore, it is recommended that defendant's motion to dismiss Counts 4 through 13 of the Superseding Indictment as being multiplicitous be in all respects denied.

It is hereby **ORDERED** pursuant to 28 U.S.C § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statue, Fed.R.Crim.P. 58(g)(s) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and

the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**


DATED:	April  12, 2016
	Buffalo, New York


				*S/ H. Kenneth Schroeder, Jr.*
				  H. KENNETH SCHROEDER, JR.
				  United States Magistrate Judge