**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                **Plaintiff,**

      **-v-**                                     **14-CR-130S**

**SREEKRISHNA M. CHERUVU,**

                **Defendant.**
_____

## REPORT, RECOMMENDATION AND ORDER

        This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report on dispositive motions.

## PRELIMINARY STATEMENT

        The defendant, Sreekrishna M. Cheruvu ("the defendant"), is charged in a multi-count Superseding Indictment with having violated Title 18 U.S.C. Sections 1347, 1035(a)(2) and 2.  Dkt. #26.  The defendant has filed a motion "to controvert a search warrant and suppress evidence" claiming that the search warrant issued on November 12, 2013 (13-MJ-2168) authorizing the search of his medical office and the seizure of all sorts of books and records, documents, ledgers, journals, patient files, tax returns as well as "computer processing units ("CPUs") and Personal Digital Assistants" (Palm Pilots, etc.) and disks and tapes "on which computer data might be stored, and all

hardware and software instruction manuals" was "overly broad" and lacked probable cause for its issuance.  Dkt. #55, ¶s 135, 137.  The defendant also "requests a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978)."  Dkt. #s 59, 61.

The government filed responses in opposition to the claims made by the defendant in seeking suppression of evidence.  Dkt. #s 58, 60, 62.  Oral Argument was heard by this Court and the matter was taken under advisement.

## DISCUSSION AND ANALYSIS

I have reviewed the Application for a Search Warrant and supporting affidavit made by S.A. Provost of the F.B.I. dated November 12, 2013.  (13-MJ-2168). The affidavit of S.A. Provost consists of 14 typewritten pages containing 33 separate paragraphs wherein he describes in detail the investigation that had been conducted about the defendant's activity as a health care provider allegedly in violation of "Title 18 U.S.C. §§ 1035 (false statement relating to health care matter) and 1347 (health care fraud)."  (13-MJ-2168, Dkt. #1).  Attached to this affidavit were "Attachment A – Location to be Searched, Attachment A-1, photos of the premises to be searched, and Attachment B – Items to be Seized."  The Application for a Search Warrant expressly states that "the search is related to a violation of 18 U.S.C. §§1347 and 1035 and the application is based "on the aforesaid attached affidavit of S.A. Provost (13-MJ-2168, Dkt. #1).  This review of the Application and supporting affidavit of S.A. Provost causes me to conclude that sufficient probable cause was established for the issuance of the

search warrant in question by the magistrate judge on November 12, 2013 and there is

no necessity to address this issue at length since I find the search warrant of

November 12, 2013 to be overly broad and lacking in required particularity and

therefore facially invalid.  As a result, the search and seizure carried out pursuant to that

warrant was illegal.

The search warrant of November 12, 2013 (13-MJ-2168, Dkt. #2) merely

references Attachments A and A-1 and B but does **NOT** incorporate the Application for

a Search Warrant and/or the affidavit of S.A. Provost by reference.   Furthermore, the

search warrant **FAILS** to describe or indicate what criminal statute or criminal activity

was being investigated for purposes of the search warrant.   As a result, there is no

**LIMITING** language in the search warrant itself that would satisfy the particularity

requirement of the Fourth Amendment.

The Fourth Amendment to the United States Constitution expressly states:

> The right of the people to be secure in their persons, houses,
> papers, and affects, against unreasonable searches and
> seizures, shall not be violated, and no Warrants shall issue,
> but upon probable cause, supported by Oath or affirmation,
> and **particularly describing** the place to be searched, and
> the persons or things to be seized.

U.S. Const. amend IV (emphasis added).

The search warrant of November 12, 2013 is best described as a classic

"general" warrant.   The items described in "Attachment B" referred to in the search

warrant is nothing more than a "laundry list" of items that would be expected to be found in a typical medical office without any descriptive limitations either by reference to a criminal statute or the criminal activity being investigated.  Because the United States Supreme Court decision in *Groh v. Ramirez*, 540 U.S. 551 (2004) succinctly addresses the issue raised in this case, brevity is sacrificed intentionally by quoting from it at length.

> The fact that the application adequately described the "things to be seized" does not save the warrant from its facial invalidity. The Fourth Amendment by its terms requires particularity in the warrant, not in the supporting documents. See Massachusetts v. Sheppard, 468 U.S. 981, 988, n. 5, 104 S.Ct. 3424, 82 L.Ed.2d 737 (1984) ("[A] warrant that fails to conform to the particularity requirement of the Fourth Amendment is unconstitutional" ); see also United States v. Stefonek, 179 F.3d 1030, 1033 (C.A.7 1999) ("The Fourth Amendment requires that the warrant particularly describe the things to be seized, not the papers presented to the judicial officer ... asked to issue the warrant" (emphasis in original)). And for good reason: "The presence of a search warrant serves a high function," McDonald v. United States, 335 U.S. 451, 455, 69 S.Ct. 191, 93 L.Ed. 153 (1948), and that high function is not necessarily vindicated when some other document, somewhere, says something about the objects of the search, but the contents of that document are neither known to the person whose home is being searched nor available for her inspection. We do not say that the Fourth Amendment prohibits a warrant from cross-referencing other documents. Indeed, most Courts of Appeals have held that a court may construe a warrant with reference to a supporting application or affidavit if the warrant uses appropriate words of incorporation, and if the supporting document accompanies the warrant. See, e.g., United States v. McGrew, 122 F.3d 847, 849–850 (C.A.9 1997); United States v. Williamson, 1 F.3d 1134, 1136, n. 1 (C.A.10 1993); United States v. Blakeney, 942 F.2d 1001, 1025–1026 (C.A.6 1991); United States v. Maxwell, 920 F.2d 1028, 1031 (C.A.D.C.1990); United States v. Curry, 911 F.2d 72, 76–77 (C.A.8 1990); United States v. Roche, 614 F.2d 6,

8 (C.A.1 1980). But in this case the warrant did not incorporate other documents by reference, nor did either the affidavit or the application (which had been placed under seal) accompany the warrant. Hence, we need not further explore the matter of incorporation.

*     *     *

We have clearly stated that the presumptive rule against warrantless searches applies with equal force to searches whose only defect is a lack of particularity in the warrant. In Sheppard, for instance, the petitioner argued that even though the warrant was invalid for lack of particularity, "the search was constitutional because it was reasonable within the meaning of the Fourth Amendment." 468 U.S., at 988, n. 5, 104 S.Ct. 3424 . In squarely rejecting that position, we explained:

"The uniformly applied rule is that a search conducted pursuant to a warrant that fails to conform to the particularity requirement of the Fourth Amendment is unconstitutional. Stanford v. Texas, 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431 (1965); United States v. Cardwell, 680 F.2d 75, 77–78 (C.A.9 1982); United States v. Crozier, 674 F.2d 1293, 1299 (C.A.9 1982); United States v. Klein, 565 F.2d 183, 185 (C.A.1 1977); United States v. Gardner, 537 F.2d 861, 862 (C.A.6 1976); United States v. Marti, 421 F.2d 1263, 1268–1269 (C.A.2 1970). That rule is in keeping with the well-established principle that 'except in certain carefully defined classes of cases, a search of private property without proper consent is "unreasonable" unless it has been authorized by a valid search warrant.' Camara v. Municipal Court, 387 U.S. 523, 528–529, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967). See Steagald v. United States, 451 U.S. 204, 211–212, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981); Jones v. United States, 357 U.S. 493, 499, 78 S.Ct. 1253, 2 L.Ed.2d 1514 (1958).

*     *     *

We have long held, moreover, that the purpose of the particularity requirement is not limited to the prevention of general searches. See Garrison, 480 U.S., at 84, 107 S.Ct. 1013. A particular warrant also "assures the individual whose property is searched or seized of the lawful authority of the executing officer, his need to search, and the limits of his

power to search." United States v. Chadwick, 433 U.S. 1, 9, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977) (citing Camara v. Municipal Court of City and County of San Francisco, 387 U.S. 523, 532, 87 S.Ct. 1727 (1967)), abrogated on other grounds, California v. Acevedo, 500 U.S. 565, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991). See also Illinois v. Gates, 462 U.S. 213, 236, 103 S.Ct. 2317 (1983) ("[P]ossession of a warrant by officers conducting an arrest or search greatly reduces the perception of unlawful or intrusive police conduct").

Id. at 557-558, 559-560, 561.


In addressing a similarly defective search warrant, the Court of Appeals

for the Second Circuit has stated:


The warrant in the instant case does not lend itself to such a limiting construction. Nothing on the face of the warrant tells the searching officers for what crime the search is being undertaken. Compare, e.g., United States v. Washington, 797 F.2d 1461, 1472 (9th Cir.1986) (search of "records" limited to evidence of "prostitution activity" prevents warrant from being overbroad); United States v. Johnson, 541 F.2d 1311, 1315 (8th Cir.1976) (per curiam) (in context, "paraphernalia" was limited to that relating to use of marijuana). Although we have upheld warrants authorizing the seizure of "evidence," "instrumentalities" or generic classes of items where a more precise description was not possible in the circumstances, the warrants in those cases identified a specific illegal activity to which the items related. See United States v. Young, 745 F.2d 733, 758 (2d Cir.1984) (possession with intent to distribute narcotic controlled substances), cert. denied, 470 U.S. 1084, 105 S.Ct. 1842, 85 L.Ed.2d 142 (1985); Mankani, 738 F.2d at 546 (importation and distribution of hashish); United States v. Dunloy, 584 F.2d 6, 8 (2d Cir.1978) (possession with intent to distribute narcotics); United States v. Scharfman, 448 F.2d 1352, 1353 n. 1 (2d Cir.1971) (theft of fur coats), cert. denied, 405 U.S. 919, 92 S.Ct. 944, 30 L.Ed.2d 789 (1972).

A failure to describe the items to be seized with as much particularity as the circumstances reasonably allow offends the Fourth Amendment because there is no assurance that the permitted invasion of a suspect's privacy and property are no more than absolutely necessary. See Coolidge, 403 U.S. at 467, 91 S.Ct. at 2038; United States v. Cardwell, 680 F.2d 75, 78 (9th Cir.1982); United States v. Klein, 565 F.2d 183, 186 (1st Cir.1977); United States v. Marti, 421 F.2d 1263, 1268 (2d Cir.1970). The particularity requirement prevents this sort of privacy invasion and reduces the breadth of the search to that which a detached and neutral magistrate has determined is supported by probable cause. See Garrison, 480 U.S. at 84, 107 S.Ct. at 1016; Coolidge, 403 U.S. at 467, 91 S.Ct. at 2038. Mere reference to "evidence" of a violation of a broad criminal statute or general criminal activity provides no readily ascertainable guidelines for the executing officers as to what items to seize. See United States v. Maxwell, 920 F.2d 1028, 1033 (D.C.Cir.1990) (wire fraud); United States v. Holzman, 871 F.2d 1496, 1509 (fraud) (9th Cir.1989); United States v. Fuccillo, 808 F.2d 173, 176–77 (1st Cir.) (stolen goods), cert. denied, 482 U.S. 905, 107 S.Ct. 2481, 96 L.Ed.2d 374 (1987); Voss v. Bergsgaard, 774 F.2d 402, 405 (10th Cir.1985) (conspiracy); Cardwell, 680 F.2d at 77 (tax evasion). Absent some limitation curtailing the officers' discretion when executing the warrant, the safeguard of having a magistrate determine the scope of the search is lost. As a consequence, **authorization to search for "evidence of a crime," that is to say, any crime, is so broad as to constitute a general warrant** (emphasis added).

The government nonetheless contends the warrant may be cured by reference to Officer Brickell's affidavit that makes it clear the crime was the McDonald's robbery. See, e.g., Harris, 903 F.2d at 775; United States v. Johnson, 690 F.2d 60, 64–65 (3d Cir.1982), cert. denied, 459 U.S. 1214, 103 S.Ct. 1212, 75 L.Ed.2d 450 (1983). Even assuming the affidavit makes clear that only evidence relating to the McDonald's robbery was to be seized, the government's argument must fail. A sufficiently specific affidavit will not itself cure an overbroad warrant. See, e.g., Marti, 421 F.2d at 1268. **Resort to an affidavit to remedy a warrant's lack of particularity is only available when it is incorporated by reference in the warrant itself and attached to it (**emphasis added). See, e.g., Maxwell, 920 F.2d at 1031;

> Matter of Property Belonging to Talk of the Town Bookstore,
> Inc., 644 F.2d 1317, 1319 (9th Cir.1981). The recitation in
> the instant warrant that it is "issued upon the basis of an
> application and affidavit[ ] of" Patrolman Brickell does not
> direct the executing officers to refer to the affidavit for
> guidance concerning the scope of the search and hence
> does not amount to incorporation by reference.

*United States v. George*, 975 F.2d 72, 76 (2d Cir. 1992).

The search of the defendant's medical office and seizure of records on

November 13, 2013 is not saved by the application of the principle of "good faith" as

established in *United States v. Leon*, 468 U.S. 897 (1984) for the Second Circuit Court

of Appeals has expressly stated:

> As the above discussion demonstrates, it is obvious that a
> general warrant authorizing the seizure of "evidence" without
> mentioning a particular crime or criminal activity to which the
> evidence must relate is void under the Fourth Amendment.
> See Spilotro, 800 F.2d at 968 (where only limit on scope of
> search is that items to be seized be evidence of violation of
> any one of 13 federal statutes, some of exceptional scope,
> warrant so facially deficient that Leon not applicable); United
> States v. Leary, 846 F.2d 592, 606–10 (10th Cir.1988)
> (absent some other limiting feature, reference in warrant to
> statute covering broad range of activity facially deficient and
> Leon inapplicable); see also Dozier, 844 F.2d at 708;
> Fuccillo, 808 F.2d at 178; Washington, 797 F.2d at 1473;
> United States v. Crozier, 777 F.2d 1376, 1381 (9th
> Cir.1985). Since it was quite clear when this warrant was
> executed that "limits" to a search consisting only of a broad
> criminal statute were invalid, a fortiori, **a warrant not limited
> in scope to any crime at all is so unconstitutionally
> broad that no reasonably well-trained police officer
> could believe otherwise** (emphasis added)**.**
>
> *            *            *
>
> The subject warrant is unconstitutionally overbroad and,
> unlike the situation in Buck, in light of the settled nature of

the law concerning the failure for lack of particularity of warrants authorizing the search for "evidence" limited only by reference to "a crime," it is the type of facially invalid warrant that could not have been relied upon in good faith because "one who simply looked at the warrant, ... would ... suspect it was invalid." United States v. Gordon, 901 F.2d 48, 50 (5th Cir.), cert. denied, 498 U.S. 981, 111 S.Ct. 510, 112 L.Ed.2d 522 (1990). See Leary, 846 F.2d at 609 (reasonably well-trained officer should know a warrant must provide guidelines for determining what evidence may be seized); see also United States v. One Parcel of Property, 774 F.Supp. 699, 707 (D.Conn.1991) (post-Buck, Leon inapplicable to warrant utilizing merely a catch-all description of property to be seized). Accordingly, the Leon good faith exception to the exclusionary rule will not serve to make the shotgun found in LaJoice's apartment available as evidence, that is, to avoid its suppression.

United States v. George, supra at 77-78.

## CONCLUSION

Since the search warrant of November 12, 2013 fails to describe or make reference to any criminal statute or criminal activity being investigated to which the search warrant would apply or to incorporate the Application for the Search Warrant and/or the affidavit of S.A. Provost in support of the application or to contain any language that describes limitations as to items to be seized, it is "overly broad" and facially invalid under the Fourth Amendment.  Groh v. Ramirez, supra.  See also United States v. Buck, 813 F.2d 588-590-592 (2d Cir.), cert. denied, 484 U.S. 857 (1987); United States v. Bianco, 998 F.2d 1112, 1116 (1993), cert. denied, 511 U.S. 1069 (1994).  The "good faith" principle promulgated in Leon does not apply so as to justify the search and seizure of evidence from the defendant's medical office on November 13, 2013.  United States v. George, supra.  Therefore, it is recommended that the

defendant's motion seeking suppression of the use of the evidence seized from his medical office on November 13, 2013 pursuant to this invalid search warrant be granted.  As a result, there is no need for a *Franks* hearing and that application is denied as being moot.

It is hereby **ORDERED** pursuant to 28 U.S.C § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statue, Fed.R.Crim.P. 58(g)(s) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order</u>.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

DATED:      April 12, 2016
            Buffalo, New York


                                        *S/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**