UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

SREEKRISHNA M. CHERUVU,

Defendant.

**DECISION AND ORDER**
14-CR-130S

1.     Presently before this Court is the Government's motion to unseal the transcript and associated court documents from proceedings conducted on February 5, 2016 in the matter of People v. Cheruvu, 02192-2014, before New York State Supreme Court Justice Hon. Russell P. Buscaglia. (Docket No. 173.) According to an affirmation submitted with the Government's motion, the public docket of the state court matter indicates that, on February 5, 2016, Defendant pled guilty to two counts of petit larceny, pursuant to N.Y.P.L. Section 155.25, and has yet to be sentenced. (Docket No. 173-1, Exh. A ¶ 5.) The Government argues that the charges faced by Defendant in state court arise from similar allegations to those currently pending before this Court, and differ primarily in that they were limited to claims regarding patients who were New York State Medicaid beneficiaries. It seeks to have the proceedings unsealed in order to use them as evidence at the trial scheduled to commence on May 10, 2018.

2.     On April 17, 2018, Justice Buscaglia granted the Government's motion to unseal the proceedings, finding that there was no basis to maintain the seal. However, he granted a temporary stay in the unsealing to allow Defendant to file an action before the appellate court. On April 20, 2018, Defendant initiated a proceeding before the New

York Supreme Court, Appellate Division, Fourth Department. On April 26, 2018, the Hon. Shirley Troutman heard argument and ruled to continue the temporary stay, pending further argument before the Appellate Division. This Court understands that further argument will be heard during the October Calendar.

3. Because this Court has no access to the proceedings, it cannot assess why they were sealed, who initially moved to seal, or the exact nature of the possible evidence and its relevance to the pending trial. Defendant has not confirmed that the sealed proceedings involve a guilty plea and maintains that, even if they do, the transcript and associated court documents would not be admissible in this Court. Nevertheless, based on the evidence submitted by the Government, including transcripts of the unsealing arguments before Justice Buscaglia, this Court is persuaded that the evidence's potential relevance and necessity to a full and fair trial would justify its unsealing, were this Court authorized to do so. This finding is made with the caveat that, as noted, this Court is not able to discern the basis for the seal and Defendant has provided no argument before this Court suggesting why the proceedings should remain restricted.

4. This Court must therefore determine whether it has the authority to direct the state court to unseal the proceedings. The Government contends that such authority exists, even in spite of Justice Troutman's order of a temporary stay. See Vazquez v. City of New York, No. 10 CIV. 6277 JMF, 2013 WL 2449181, at *1 (S.D.N.Y. June 6, 2013) ("Although the state court denied Plaintiff's request for the grand jury minutes, there is no dispute that this Court has independent authority to unseal the minutes as a matter of federal law."); Frederick v. New York City, 11 Civ. 469(JPO), 2012 WL 4947806, at *11 (S.D.N.Y. Oct. 11, 2012) (comity does not require acceptance of state court's denial of

plaintiff's request to unseal grand jury minutes). However, the cases cited by the Government involve sealed grand jury proceedings rather than sealed plea proceedings. Further, as Defendant notes, none of the cases cited by the Government address state court proceedings that are currently pending. Indeed, neither side has cited any precedent that is directly on point—i.e., involving the unsealing of a sealed state plea proceeding for use in a related federal case.

5. The lack of guidance leaves this Court in an unusual and apparently unprecedented position, faced with either intervening in a pending state criminal case or denying the Government access to evidence that seems both relevant and potentially of great interest to ensuring a fair and complete trial. This Court finds, as a matter of first impression, that it has authority to order the unsealing of a state court plea proceeding, just as it would be able to do with grand jury minutes, where "the party seeking disclosure has met its burden of showing that the need for disclosure is greater than the public interest in secrecy." Anilao v. Spota, 918 F. Supp. 2d 157, 174 (E.D.N.Y. 2013). Here, the Government has met that burden, as the interest in ensuring a full and fair trial outweighs the (undisclosed and unknown) interest in retaining seal over plea proceedings, which are generally public except under specific circumstances not present here.

6. However, this Court declines to exercise its authority at this time in light of the strong preference that federal courts "forestall unnecessary intrusion" in state proceedings "to ensure that the important state interest in secrecy is thoroughly considered." See id. at 171 (E.D.N.Y. 2013) (quoting Socialist Workers Party v. Grubisic, 619 F.2d 641, 644 (7th Cir. 1980). "[I]t is well settled that a strong policy of comity

between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to substantive and procedural policy." Harewood v. Braithwaite, No. 09-CV-2874 PKC RML, 2013 WL 3863905, at *1 (E.D.N.Y. July 23, 2013) (internal quotation and punctuation removed). This Court finds that, looking to the full background and circumstances of this case, it is just and appropriate to allow the state court to resolve the pending issues, which can be done without a "substantial cost to substantive and procedural policy." Id.

7. This matter has been pending for more than three years and this Court remains cognizant of Defendant's speedy trial rights. However, it notes that significant delay in this case was caused by Defendant's indecision as to whether he would be taking a plea (he remained in active negotiations and continued requesting adjournments until December 18, 2017, see Docket No. 129), as well as his late hiring of additional defense counsel who was unable to meet this Court's original pre-trial filing deadlines in October 2017. The Government cannot be accused of the same delay: it has maintained throughout its appearances before this Court that it is anxious to proceed and will be ready for trial as ordered, including at the most recent appearance on May 7, 2018.[1] Nor was this motion intended to delay proceedings, as the Government moved to unseal the state court proceedings as soon as it became aware of them. Moreover, that request was granted by the state court, and the documents only remain under seal due to Defendant's late-renewed efforts to stop their release. Defendant appears to attempt to use the pending state court matter as both a shield and a sword, arguing that this Court should not interfere in ongoing state proceedings, while simultaneously contending that the trial

---

[1] The Government also declined to withdraw this motion at the May 7, 2018 appearance, stating that it would prefer that this Court make a ruling and that trial move forward.

4

should move forward immediately without waiting for the outcome of those proceedings. Based on these factors, this Court reluctantly finds that the fairest path is adjournment of the trial.

8.  Accordingly, trial is adjourned pending resolution of the matters in the Fourth Department. Time will be excluded under 3161(h)(1)(D), because the Government's motion remains pending, and under 3161(h)(7)(A), because—as set forth above—this Court finds that the ends of justice served by deferring to the state court's decision outweigh the best interest of the public and Defendant to a speedy trial. Further, because the Government is not a party to the state court proceedings, Defendant is required to alert this Court as to any changes in status that would impact the timing of trial, including any changes to the status of the sealing order. The remaining issues in the Government's motion, including the admissibility of the proceeding should they be unsealed, will be addressed closer in time to the trial.

IT HEREBY IS ORDERED that the trial in this matter is ADJOURNED pending resolution of Defendant's state court petition.

FURTHER, that the parties shall appear for a status conference before this Court on May 10, 2018 at 9 am.

SO ORDERED.

Dated: May 8, 2018
Buffalo, New York

    /s/William M. Skretny
    WILLIAM M. SKRETNY
    United States District Judge