UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                              **DECISION AND ORDER**
                                                14-CR-130S
SREEKRISHNA M. CHERUVU,

                        Defendant.

## I.    INTRODUCTION

Following the commencement of proof in a jury trial, but before its conclusion,

Defendant entered a plea of guilty on May 25, 2018 to one count of Theft or

Embezzlement in Connection with Health Care Matters, in violation of 18 U.S.C. § 669(a).

(Docket No. 222).   Presently before the Court is Defendant's motion for leave to file

subpoenas on third parties Blue Shield of Western New York, Inc., d/b/a HealthNow

("HeathNow"), Susan Schultz (the lead investigator with HealthNow), Independent Health

Association, Inc. ("IHA"), and the Federal Bureau of Investigation ("FBI").   (Docket No.

236).   Prior to trial, Defendant issued a number of subpoenas in connection with this

matter, yielding voluminous disclosures which Defendant had the opportunity to review

before trial.   The subpoenas that Defendant now wishes to serve seek unspecified

documents that Defendant believes to be relevant, based on his post-guilty plea review

of the existing disclosures made prior to trial.   The Government opposes Defendant's

motion and moves to quash the subpoenas.  (Docket No. 239).   Counsel are familiar with

the facts and arguments, which the Court will recite only to the extent necessary to explain

its ruling.   For the reasons set forth below, the Government's motion is GRANTED and

Defendant's motion is DENIED.

1

## II.    DISCUSSION

### A. Standing and Post-Trial Use of Subpoenas

As a threshold matter, the Court must consider whether the Government has standing to challenge the subpoenas that Defendant seeks to serve on third parties under Rule 17(c).  While neither party presses the issue (indeed, Defendant's filings make no mention of it), it is well established that "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94, 130 S. Ct. 1181, 1193, 175 L. Ed. 2d 1029 (2010). "In determining whether a party to the case has standing to challenge a subpoena served on a third party under Rule 17(c)," courts "consider whether the party seeks to protect a legitimate interest of its own in quashing the subpoena."  United States v. Barnes, No. S9 04 CR 186 SCR, 2008 WL 9359654, at *1 (S.D.N.Y. Apr. 2, 2008).

Here, with the exception of the subpoenas directed to the FBI—the law enforcement agency that worked with the U.S. Attorney's Office in the prosecution of this matter—all the subpoenas at issue are arguably directed to unrelated third parties. However, the Government has a legitimate interest in preventing further delay in the Defendant's sentencing, as well as an interest in preventing the improper disclosure of material from its own witnesses.  Accordingly, because "the Government has a legitimate interest in moving to quash the subpoenas, and this Court has an independent obligation to ensure compliance with Rule 17," United States v. Nix, 251 F. Supp. 3d 555, 562 (W.D.N.Y. 2017), "the Court will evaluate the appropriateness of the subpoenas in view of the standards set forth by Rule 17," id.; United States v. Vasquez, 258 F.R.D. 68, 71–72 (E.D.N.Y. 2009) (concluding that government had standing to move to quash third-

party subpoena because it had a legitimate interest in preventing defendant from using subpoena to obtain materials that would otherwise be protected from disclosure, and even if government did not have standing, "the Court has an independent duty to review the propriety of the subpoena—a duty in this case that requires the Court to consider whether the documents sought are privileged and whether the subpoena itself comports with the requirements of Rule 17").

Next, the Court must consider the appropriateness of the post-trial use of subpoenas. Courts in this Circuit have recognized the permissibility of post-trial use of subpoenas pursuant to Rule 17(c). See United States v. Leaver, 358 F. Supp. 2d 273, 276 (S.D.N.Y. 2005) ("A Rule 17(c) subpoena may also properly be used to gather documents for a pretrial or post-trial hearing." (emphasis added)). The Government does not contest the applicability of Rule 17 in post-trial proceedings. (See Gov't Br. at 4) ("The Government agrees that Federal Rule of Criminal Procedure 17(c) allows for the use of subpoenas with respect to certain post-trial proceedings). Because Rule 17 is "a discovery provision that relates solely to pretrial matters," courts in this Circuit have also held that the decision as to whether allow a subpoena in the post-trial context is left to the discretion of the trial court. United States v. Martin, 141 F.3d 1152 (2d Cir. 1998) ("The decision to deny the defendant's subpoena request [pursuant to Rule 17(c)] for purposes of sentencing or a sentencing hearing is in the sound discretion of the district court."); cf. United States v. Murray, 297 F.2d 812, 821 (2d Cir. 1962) ("Rule 17(c) is a device solely for the obtaining of evidence for the use of the moving party, permitting him to examine the material obtained before trial only where, in the discretion of the court, it is necessary that he do so in order to make use of the material as evidence."); Nix, 251 F. Supp. 3d at

561–62 (internal citation and quotation marks omitted) ("Rule 17(c) is a discovery provision that relates solely to pretrial matters, and, as a result, the decision as to whether to allow a subpoena request for purposes of sentencing or a sentencing hearing is not made pursuant to Rule 17(c), but rather is committed to the sound discretion of the trial court."). Accordingly, the Court concludes that Rule 17 subpoenas may be brought post-trial, and that the Government has standing to move to quash the subpoenas served upon third parties.

## B. Rule 17 Subpoenas

Rule 17(c) governs the issuance of subpoenas seeking the production of discoverable documents and evidence. The rule provides that "[a] subpoena may order the witness to produce any . . . documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c)(1). It further provides that "[o]n motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2).

The purpose of Rule 17(c) is to facilitate the trial by designating a time and place prior to trial to obtain and inspect evidentiary material. See United States v. Nixon, 418 U.S. 683, 698–99 (1974) (citing Bowman Dairy Co. v. United States, 341 U.S. 214, 220 (1951)). The Rule, however, "was not intended to provide an additional means of discovery." Bowman Dairy Co., 341 U.S. at 220; see also Nixon, 418 U.S. at 698–99. Because of this, "[c]ourts must be careful that Rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases." United States v. Cherry, 876 F. Supp. 547, 552 (S.D.N.Y. 1995) (citing United States v. Cuthbertson, 630 F.2d 139, 146 (3d Cir. 1980)).

To ensure that the balance struck by the Federal Rules of Criminal Procedure is preserved, the Supreme Court in <u>United States v. Nixon</u> formulated criteria for determining whether Rule 17(c) subpoenas are proper. <u>Nixon</u>, 418 U.S. 683. The party seeking to enforce a subpoena must demonstrate:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

<u>Id.</u> at 699–700. The <u>Nixon</u> Court summarized that, in order to carry this burden, the party seeking the subpoena must show that it satisfies the requirements of (1) relevancy, (2) admissibility, and (3) specificity. <u>Id.</u> at 700. This test is the hallmark of a Rule 17(c)(2) analysis, and courts have repeatedly and consistently applied it to determine whether third-party subpoenas served by defendants must be quashed as unreasonable or oppressive. <u>See, e.g.</u>, <u>United States v. Ferguson</u>, Criminal No. 3:06CR137(CFD), 2007 WL 2815068, at *3 (D. Conn. Sept. 26, 2007) ("All district courts within this Circuit . . . have applied <u>Nixon</u> to assess the validity of [Rule] 17(c) subpoenas issued to third parties."); <u>United States v. Neklatov</u>, No. A203CR.828(PKL), 2004 WL 1574721, at *2–3 (S.D.N.Y. July 14, 2004); <u>United States v. Jenkins</u>, No. 02 CR. 1384(RCC), 2003 WL 1461477, at *4-5 (S.D.N.Y. Mar. 21, 2003); <u>United States v. Jasper</u>, No. 00 CR. 825(PKL), 2003 WL 1107526, at *2 (S.D.N.Y. Mar. 13, 2003); <u>United States v. Hutchinson</u>, No. 97CR1146, 1998 WL 1029228, at *1-2 (E.D.N.Y. Dec. 23 1998).

## 1. Relevancy and Admissibility

The defendant "has the burden of specifically identifying the materials sought, and

showing that they are relevant and admissible." United States v. Brown, 1995 WL 387698, at *9 (S.D.N.Y. June 30, 1995). The items sought cannot merely be potentially relevant or admissible. Rather, they must be shown to be relevant and admissible at the time the subpoena is sought. See, e.g., United States v. Cherry, 876 F. Supp. 547, 552 (S.D.N.Y. 1995); see also United States v. Marchisio, 344 F.2d 653, 669 (2d Cir. 1965) ("Unlike the rule in civil actions, a subpoena *duces tecum* in a criminal action is not intended for the purpose of discovery; the document sought must at that time meet the tests of relevancy and admissibility." (emphasis added)).

First, Defendant fails to proffer any arguments with respect to the admissibility of the potentially voluminous disclosure requests. It is therefore impossible for the court to analyze the admissibility of such evidence. Accordingly, Defendant has failed to meet the necessary preliminary showing of admissibility.

Second, Defendant does not articulate how the subpoenaed materials would be relevant to his sentencing proceedings. "Relevance cannot be established merely by asserting that the documents are relevant or, moreover, by merely asserting that they must be produced. Conclusory statements are insufficient to satisfy the Nixon requirements." Barnes, 2008 WL 9359654, at *4. Defendant's sole argument as to relevancy is that "there is potential that [the subpoenaed documents] could offer evidence relevant to the courts yet-to-occur sentencing findings under 18 U.S.C. § 3553," or that they "may be relevant to his level of culpability." (Def. Br. at 16-17) (emphasis added). But this is precisely the type of material that Rule 17 was designed to guard against. See Nix, 251 F. Supp. 3d at 565; Cherry, 876 F. Supp. at 552. Indeed, Defendant himself confesses that, at this time, he has no way of knowing whether the documents sought are

in fact relevant; he can only speculate. (See Def. Br. at 21). Accordingly, Defendant has not met his burden of demonstrating that the sought-after materials are relevant to his sentencing proceedings.

Finally, Defendant appears to suggest that these documents are relevant because they might contain exculpatory material and, therefore, that he is entitled to explore this issue further pursuant to Brady v. Maryland, 373 U.S. 83 (1963). (See Def. Br. at 11-14, 19). In other words, Defendant implies that the Government has failed to honor its duty to disclose exculpatory evidence. However, the Government has assured the Court that any material that must be disclosed under Brady has already been produced, (See Gov't Reply at 7), "and the Court has no reason whatsoever to believe that the Government is not fulfilling its obligations to the fullest extent." Barnes, 2008 WL 9359654, at *3. Accordingly, Defendant has failed to satisfy the relevancy prong of Nixon.

### 2. Specificity

In order to satisfy the specificity requirement of Nixon, the party seeking production of the materials must "reasonably specify the information contained or believed to be contained in the documents sought" rather than "merely hope [] that something useful will turn up." United States v. Sawinski, 2000 WL 1702032, at *2 (S.D.N.Y. Nov. 14, 2000) (quotations omitted). The subpoena must "constitute[] a good faith effort to obtain identified evidence rather than a general 'fishing expedition' that attempts to use the rule as a discovery device." Cuthbertson, 630 F.2d at 144.

"If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes something useful will turn up, the requirement of specificity will not have been met." Leaver, 358 F. Supp. 2d

at 276 (quoting United States v. Weissman, No. 01CR.529(BSJ), 2002 WL 31875410, at *1 (S.D.N.Y. Nov. 7, 2005)); see United States v. Mendinueta–Ibarro, 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013) ("The party's Rule 17(c) subpoena must be able to reasonably specify the information contained or believed to be contained in the documents sought rather than merely hope that something useful will turn up." (internal citation, quotation marks, and alterations omitted)); Weissman, 2002 WL 31875410, at *1–2 (granting government's motion to quash subpoena where defendant, who claimed that the subpoena "may" have some evidentiary basis, was engaged in fishing expedition); United States v. Orena, 883 F. Supp. 849, 867 (E.D.N.Y. 1995) ("It is not the purpose of Rule 17(c) to facilitate discovery."). As explained by the Supreme Court, "Rule 17(c) was not intended to provide an additional means of discovery. Its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." Bowman Dairy Co., 341 U.S. at 220.

Defendant seeks, from four separate custodians, "all Documents from January 1, 2008 until the present" that concern, among other things, Cheruvu (including his agents, employees, and attorneys), Cheruvu's practice, his patients, and several other categories for a 10-year period, rather than identifiable pieces of evidence. (See Docket Nos. 236-2, 236-3, 236-4, 236-5) (emphasis added). "The fact that the subpoena is crafted to encompass such a broad swath of items indicates that the subpoena was intended as a discovery device rather than as a mechanism for obtaining specific admissible evidence," and, accordingly, does not meet the specificity requirements of Nixon. Barnes, 2008 WL 9359654, at *4. Moreover, Defendant's brief makes no arguments with respect to specificity; in his reply to the Government's motion, Defendant merely urges the Court to

"reject a blanket overbreadth objection that fails to point out even one specific instance of overbreadth." (Def. Reply at 2). Defendant's argument is unavailing given that the "Government does not have the burden here—it is Defendant[] who must establish that the materials requested are relevant, specifically identified, admissible, and not otherwise procurable by the exercise of due diligence." Nix, 251 F. Supp. 3d at 565. Defendant falls far short of his burden here.

## III.    CONCLUSION

For the reasons stated above, Defendant's motion for leave to serve third-party subpoenas (Docket No. 236) is DENIED, and the Government's motion to quash (Docket No. 239) is GRANTED.

It is FURTHER ORDERED that the sentencing currently scheduled for November 28, 2018, is ADJOURNED to January 16, 2019 at 11:00 AM. The parties are directed to file sentencing submissions as follows: Sentencing Factors Statements, Sentencing Motions and Objections to the Presentence Report are all due December 20, 2018. Responses are due January 4, 2019. Character letters are due January 9, 2019. No extensions will be granted.

SO ORDERED.

Dated:      November 20, 2018
            Buffalo, NY

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge