UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

SREEKRISHNA M. CHERUVU,

            Defendant.

**DECISION AND ORDER**
14-CR-130S

    1.    Presently before this Court is the Government's renewed motion to unseal the transcript and associated court documents from proceedings conducted on February 5, 2016 in the matter of <u>People v. Cheruvu</u>, 02192-2014,[1] before New York State Supreme Court Justice Hon. Russell P. Buscaglia. (Docket No. 263). In its motion, the Government incorporates by reference its previous request to unseal raised in its Second Motion in Limine in anticipation of trial last year, and the transcript from the April 4, 2018 Final Pretrial Conference, and all attachments thereto. (Docket Nos. 167, 173).

    2.    According to an affirmation submitted with the Government's April 27, 2018, motion, the public docket of the state court matter indicates that, on February 5, 2016, Defendant pleaded guilty to two counts of petit larceny, pursuant to N.Y.P.L. Section 155.25, and has yet to be sentenced. (Docket No. 173-1, Exh. A ¶ 5). In its motion, the Government argued that the charges faced by Defendant in state court arise from similar allegations to those currently pending before this Court, and differ primarily in that they were limited to claims regarding patients who were New York State Medicaid

---

[1] The Government's instant motion to renew misstates the docket number of the state court proceedings as "02192-2004" when it is in fact "02192-2014." (Docket No. 173-1 at 11).

1

beneficiaries. It sought to have the proceedings unsealed in order to use them as evidence at the trial that, at the time, was scheduled to commence on May 10, 2018.

3. On April 17, 2018, Justice Buscaglia granted the Government's motion to unseal the proceedings "for public consumption," finding that there was no basis to maintain the seal. (Docket No. 173-1 (4/18/18 Tr.) at 56-68). However, he granted a temporary stay in the unsealing to allow Defendant to file an action before the appellate court. On April 20, 2018, Defendant initiated a proceeding before the New York Supreme Court, Appellate Division, Fourth Department. On April 26, 2018, the Hon. Shirley Troutman heard argument and ruled to continue the temporary stay, pending further argument before the Appellate Division.

4. On May 8, 2018, this Court issued an Order on the Government's request to unseal. In that Order, the Court found, as a matter of first impression, that it had the authority to order the unsealing of a state court plea proceeding because the Government had "met its burden of showing that the need for disclosure is greater than the public interest in secrecy," Anilao v. Spota, 918 F. Supp. 2d 157, 174 (E.D.N.Y. 2013)—namely, that the interest in ensuring a full and fair trial outweighed the (undisclosed and unknown) interest in retaining seal over plea proceedings, which are generally public except under specific circumstances apparently not present here.[2] (Order, Docket No. 183 at 3). Notwithstanding this conclusion, the Court declined to exercise that authority at the time, finding that the principles of comity between state and federal sovereignties provided just and appropriate reasons to allow the state court to resolve the pending issues, and, thus,

---

[2] See Docket 173-1 (3/8/18 Tr.) at 44 ([Justice Buscaglia]: "I have again reviewed the transcript of the proceedings which occurred back on February 5th of 2016" and it "may have been the case that I had inappropriately ordered the sealing of the transcript of those proceedings").

2

the Court adjourned trial pending resolution of the matter before the Appellate Division. Ultimately, the Government chose to withdraw its request at the time, and this matter proceeded to trial on May 15, 2018.

5. To say that the circumstances of this case have changed since May 2018 would be an understatement. Trial in this matter began on May 15, 2018 on the 13-count Superseding Indictment; on May 25, 2018, in the midst of trial, Defendant pleaded guilty to a misdemeanor charge before this Court; sentencing, initially scheduled for September 5, 2018, was adjourned to November 28, 2018 at Defendant's request; on November 2, 2018, Defendant moved for leave to file subpoenas on several health care companies in anticipation of sentencing, which this Court denied, and consequently, rescheduled sentencing to January 16, 2019. All in the meantime, no movement has been made in the Appellate Division—apparently due to the Defendant's own delay[3]--and it is the Government's understanding (which the Defendant does not contest) that the state court proceeding has been stayed pending resolution of the instant federal case.

6. On January 15, 2019, on the eve of Defendant's scheduled sentencing, Defendant filed a motion to withdraw his plea of guilty, citing Rule 11 deficiencies at his May 25, 2018 plea proceeding for so moving. On March 5, 2019, the Court granted Defendant's motion, finding fair and just reasons after considering the balance of factors laid out in United States v. Schmidt, 373 F.3d 100 (2d Cir. 2004). Those factors include: "(1) whether the defendant has asserted his or her legal innocence in the motion to

---

[3] The Government's understanding of this delay, as raised in its present filings, is as follows. Defendant's brief before the Appellate Division was due on May 25, 2018, but he was granted an extension through July 30, 2018 based on an apparent potential stipulation to discontinue based on Defendant's plea in federal court. That stipulation evidently never moved forward, so Defendant requested that the matter be removed from the October 2018 calendar as it was apparently scheduled. Defendant then moved to restore the matter to the calendar, and on September 10, 2018, the Appellate Division advised Defendant that the motion to restore was defective, but corrected papers were never filed.

withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just); and (3) whether the government would be prejudiced by a withdrawal of the plea. Courts may also look to whether the defendant has raised a significant question about the voluntariness of the original plea." Schmidt, 373 F.3d at 102–03 (internal citations and quotation marks omitted); see also United States v. McCutcheon, No. 17-3988, at *6 (2d Cir. Mar. 13, 2019) (summary order).

7. On March 11, 2019, the Government moved for reconsideration of the Court's March 5, 2019 order, asking the Court to reconsider the Schmidt factors given the newly discovered evidence of the death of Dr. Barry Herman, one of its key trial witnesses. (Docket No. 260). According to the Government, Dr. Herman worked for the Defendant and covered Defendant's appointments with patients in both group and individual settings while the Defendant was out of the country. Although Dr. Herman passed away in June of 2018, the Government argued that it could not have learned of this fact upon exercising reasonable diligence at the time the Court requested a response and supplemental briefing on Defendant's motion to withdraw. The death of one of its witnesses, the Government argued, prejudices the Government and thus warrants re-weighing the Schmidt factors used to determine whether a defendant has demonstrated fair and just reasons warranting withdrawal. In its motion for reconsideration, the Government also indicated its intention to renew its motion to unseal the state court transcripts in the event its reconsideration motion was denied. The Court issued a Text Order on March 14, 2019 directing further briefing on the Government's motion for reconsideration, and also allowed the Government to file a new motion to unseal the transcript and associated

4

documents from the state court proceeding. (Docket No. 261).

8. Given that this matter has been pending for nearly five years, the speedy trial concerns implicated in this delay, the potential prejudice that the Government may now face in going to trial while down one key witness, the fact that much of the delay in the prosecution of this matter (particularly in the last year) is attributable to the Defendant, that the Defendant has also apparently delayed resolution in his state court proceedings (nor has he advanced a single legal basis as to why those proceedings should remain sealed), the Court now finds that "the need for disclosure" of the state court proceedings "is greater than the public interest in [the] secrecy," if any, of the state court proceedings.[4] Anilao, 918 F. Supp. 2d at 174. When faced with initially resolving the motion to unseal nearly one year ago, the Court declined to exercise its authority to order the unsealing of the state court proceedings, citing the strong preference that federal courts "forestall unnecessary intrusion" in state proceedings "to ensure that the important state interest in secrecy is thoroughly considered." Id. at 171 (quoting Socialist Workers Party v. Grubisic, 619 F.2d 641, 644 (7th Cir. 1980)). The change of circumstances over the course of the past year now warrants such an intrusion. Additionally, the information that may be obtained in unsealing the relevant state court proceedings may be of further assistance to the Court in assessing the factors to consider in resolving the Government's pending motion for reconsideration.

---

[4] As noted previously, to the extent that the February 5, 2016 state court proceedings were in fact plea proceedings, which the Government believes to be the case and which the Defendant has not refuted, there is a strong public interest against sealing those proceedings. "'The power to close a courtroom where proceedings are being conducted during the course of a criminal prosecution . . . is one to be very seldom exercised, and even then only with the greatest caution, under urgent circumstances, and for very clear and apparent reasons.'" United States v. Alcantara, 396 F.3d 189, 192 (2d Cir. 2005) (United States v. Cojab, 996 F.2d 1404, 1405 (2d Cir. 1993)).

9. Accordingly, the Court will order the unsealing of the transcript and related documents from the state court proceedings that took place on February 5, 2016 in <u>People v. Cheruvu</u>, 02192-2014. As determined both in the Court's March 5, 2019 Decision and Order and March 14, 2019 Text Order, time will be excluded through and including March 27, 2019 pursuant to 18 U.S.C. § 3161(h)(7)(A). Time will also continue to be excluded under 3161(h)(1)(D), because the Government's motion for reconsideration remains pending.

IT HEREBY IS ORDERED that the Government's motion to unseal (Docket No. 263) is GRANTED.

FURTHER, that the parties shall appear for a status conference before this Court, as previously scheduled, on March 27, 2019 at 12 pm.

SO ORDERED.

Dated: March 26, 2019
Buffalo, New York

<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge