UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.

SREEKRISHNA M. CHERUVU,

              Defendant.

**DECISION AND ORDER**
14-CR-130S

## I. INTRODUCTION

On March 5, 2019, this Court granted Defendant Sreekrishna M. Cheruvu's motion to withdraw the guilty plea he entered on May 25, 2018, finding that the plea proceedings were marred by Cheruvu's misunderstanding of an essential element of the charge against him. See United States v. Cheruvu, 12-CR-130S, 2019 WL 1047147 (W.D.N.Y. Mar. 5, 2019).[1] The government now seeks reconsideration of that decision based primarily on newly discovered evidence supporting its contention that it will be prejudiced by withdrawal of the plea: the death of a key witness. (Docket No. 260.) For the reasons that follow, the government's motion is denied.

## II. BACKGROUND

Cheruvu is charged in a 13-count superseding indictment with three counts of health care fraud, in violation of 18 U.S.C. § 1347, and ten counts of false statements relating to health care matters, in violation of 18 U.S.C. § 1035 (a)(2). (Docket No. 26.)

Trial commenced with jury selection on May 15, 2018. (Docket No. 206.) Ten days later, after five trial days, Cheruvu agreed to waive indictment and plead guilty to a

---

1 This decision is filed at Docket No. 259.

single-count superseding information charging him with misdemeanor theft or embezzlement in connection with health care matters, in violation of 18 U.S.C. § 669 (a). (Docket Nos. 206, 210, 214, 216, 217, 219-222.) This Court scheduled sentencing for September 5, 2018, which was then twice adjourned to January 16, 2019. (Docket Nos. 222, 233, 243.)

On January 15, 2019, the eve of sentencing, Cheruvu moved to withdraw his guilty plea. (Docket No. 244.) This necessarily stayed sentencing and prompted further briefing and proceedings. (Docket Nos. 246, 249, 250, 252, 253, 255, 256.) The motion became ready for decision on February 6, 2019, after Cheruvu confirmed that he had met with independent counsel and wished to proceed with his motion. (Docket No. 258.)

On March 5, 2019, this Court granted Cheruvu's motion and permitted him to withdraw his guilty plea. See Cheruvu, 2019 WL 1047147, at *5. Analyzing the motion under Rule 11 (d)(2)(B) of the Federal Rules of Criminal Procedure and weighing the factors set forth in United States v. Schmidt, 373 F.3d 100 (2d Cir. 2004), this Court found that Cheruvu had demonstrated fair and just reasons for the withdrawal of his guilty plea, namely that he did not fully understand the nature of the charge to which he pleaded guilty because he was misinformed as to the willfulness element of misdemeanor theft or embezzlement in connection with health care matters under 18 U.S.C. § 669 (a). Id. at *2-5. In particular, this Court found that Cheruvu's declaration of legal innocence through counsel, the lack of significant prejudice to the government, and the invalidity of the plea proceeding under Rule 11 outweighed the 8-month delay in Cheruvu bringing his motion, which was the only factor weighing in the government's favor. Id.

Significantly, this Court found that at the time he entered his plea, Cheruvu misunderstood the charge against him because he did not fully understand the concept of willfulness, an essential element under 18 U.S.C. § 669 (a). See id. at *3. As this Court recounted, Cheruvu was concerned about the willfulness language in the plea agreement and made statements suggesting that he did *not* act willfully. See id. at *4. Cheruvu's reservations were allayed only after he was advised of the conscious avoidance doctrine, which was thought at the time to satisfy the willfulness element. See id. But as this Court later found, conscious avoidance goes to knowledge, not willfulness. See id. (citing United States v. Henry, 888 F.3d 589, 601 (2d Cir. 2018) ("although a finding of conscious avoidance may be a substitute for actual knowledge, it cannot substitute for the finding of the element of 'willfulness' necessary to prove the crimes charged").

Consequently, this Court found that Cheruvu's plea, which he entered under the mistaken belief that his conduct satisfied the willfulness element, was defective because Cheruvu did not admit that he acted with intent to do something that the law forbids. See id. at *3-5 (citing Henry, 888 F.3d at 601 (2d Cir. 2018) (noting that willfulness requires acting with knowledge that the act is unlawful and with intent to do something that the law forbids) and Bryan v. United States, 524 U.S. 184, 190, 118 S. Ct. 1939, 141 L. Ed. 2d 197 (1998) ("A person acts willfully if he acts intentionally and purposely with the intent to do something the law forbids, that is, with the bad purpose to disobey or disregard the law.")).

On March 11, 2019, the government moved for reconsideration on the basis that it learned for the first time after this Court's decision that Cheruvu's former business partner, Dr. Barry Herman, passed away after Cheruvu pleaded guilty. (Docket No. 260.) In the government's view, this is new evidence that warrants reconsideration because Herman is a key witness whose lost testimony severely prejudices its case. The government also argues that reconsideration is warranted because it was not provided a full opportunity to address the issue of prejudice in the initial briefing, because this Court misconstrued the factual basis of the plea agreement, and because Cheruvu has not sufficiently asserted his innocence. Cheruvu opposes the government's motion on all fronts.

### III. DISCUSSION

Motions for reconsideration brought in criminal cases are assessed under the civil reconsideration standard, since there is no express criminal procedure provision for such motions. See United States v. Larson, No. 07-CR-304S, 2013 WL 6196292, at *2 (W.D.N.Y. Nov. 27, 2013) (collecting cases). Reconsideration is generally justified in any one of the following three circumstances: (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice. See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992); see also Shrader v. CSZ Trans., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court"); Amerisure Ins. Co.

v. Laserage Tech. Corp., No. 96-CV-6313, 1998 WL 310750, *1 (W.D.N.Y. Feb. 12, 1998) (citing United States v. Adegbite, 877 F.2d 174, 178 (2d Cir. 1989)).

The decision whether to grant or deny reconsideration lies in the court's discretion. See McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983). Parties seeking reconsideration "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." Duane v. Spaulding and Rogers Mfg. Inc., No. 92-CV-305, 1994 WL 494651, *1 (N.D.N.Y. Aug. 10, 1994) (quoting McDowell Oil Serv. v. Interstate Fire and Cas., 817 F. Supp. 538, 541 (M.D.Pa. 1993)). Motions for reconsideration are not to be used as a means to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised before the decision. See Duane, 1994 WL 494651 at *1. After all, a "motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge." Nossek v. Bd. of Ed. of Duanesburg Cent. Sch. Dist., No. 94-CV-219, 1994 WL 688298, *1 (N.D.N.Y. Nov. 10, 1994).

Judged against these well-settled standards, the government's motion must be denied for several reasons.

First, even assuming that Herman's death is properly considered new evidence, this Court is unpersuaded that it tips the balance of the Schmidt factors in the government's favor. According to the government, it learned of Herman's June 24, 2018 death by discovering his online obituary sometime after this Court's March 5, 2019 decision granting Cheruvu's motion to withdraw his guilty plea. "For evidence to be considered 'newly available,' it must be 'evidence that was truly newly discovered or could

not have been found by due diligence.'" United States v. Posada, 206 F. Supp. 3d 866, 868 (S.D.N.Y. 2016) (citing Space Hunters, Inc. v. United States, 500 F. App'x 76, 81 (2d Cir. 2012) (internal quotation marks omitted)). Although the fact of Herman's death was readily ascertainable since it occurred more than eight months before Cheruvu sought to vacate his plea, the government persuasively argues that it had little reason to vigilantly monitor its witnesses once Cheruvu entered his plea and this case proceeded to sentencing. This Court therefore accepts that Herman's death was newly discovered by the government after this Court's previous decision.

Nonetheless, this Court is unpersuaded that Herman's death prejudices the government to the extent it alleges. The government maintains that Herman would have been an important witness because he worked for Cheruvu and covered Cheruvu's appointments when Cheruvu was out of the country. It further maintains that Herman would have testified to conversations he had with Cheruvu concerning Cheruvu's knowledge of billing rules, to changes in billing practices that Cheruvu made after he learned he was being audited, and to his own inability to bill insurance companies directly because he was not properly credentialed to do so.

But no one knows definitively how Herman would have testified. Cheruvu, for example, maintains that Herman's testimony would have benefited him, because Herman had no role in the insurance, billing, or financial aspects of the office; had no knowledge of billing codes; and believed that he and Cheruvu were operating the office properly. The government's claim to severe prejudice is therefore speculative at best. While the government may subjectively believe that Herman's death prejudices its case, it has not

6

shown that Herman exclusively possessed non-cumulative, material information that cannot be presented through other witnesses or other evidence.  This Court therefore continues to find that the government, even considering this new evidence, has not demonstrated compelling prejudice under the third Schmidt factor.  See Cheruvu, 2019 WL 1047147, at *3.  In other words, even considering Herman's death, the government still has not convincingly demonstrated that "it will be in a worse position than it would have been had [Dr. Cheruvu] proceeded to trial without pleading guilty."  Cheruvu, 2019 WL 1047147, at *3 (citing United States v. Alazzam, No. CRIM. 3:08CR127SR, 2009 WL 1941833, at *5 (D. Conn. July 6, 2009)).

Second, even if the government demonstrated prejudice sufficient to tip the third Schmidt factor in its favor, which it has not, this Court would nonetheless find that the invalidity of Cheruvu's plea proceedings outweigh the prejudice to the government.  The new evidence presented by the government in no way affects this Court's finding that Cheruvu entered his plea under the erroneous belief that his conduct satisfied all of the essential elements required to prove a violation of 18 U.S.C. § 669 (a).  That fundamental deficiency weighs most heavily, and, in this Court's view, compels allowing Cheruvu to withdraw his plea.  See United States v. Adams, 448 F.3d 492, 499 (2d Cir. 2006) ("A district court must grant a motion to withdraw a plea when 'a defendant was not provided with the 'mix of information' required by Rule 11, unless, of course, that error can be deemed harmless because it would not have affected the defendant's decision to plead guilty.'" (quoting United States v. Gonzalez, 420 F.3d 111, 131 (2d Cir. 2005))).  Nothing in the government's motion for reconsideration alters that finding.

Third, there is no merit to the government's argument that it was denied a full opportunity to initially present its prejudice arguments, since prejudice to the government is an explicit Schmidt factor that the government did in fact address in its submissions. In any event, this argument is moot since this Court has now considered the government's additional prejudice arguments above.

Finally, the government's remaining arguments are foreclosed by the reconsideration standard. The government contends that this Court misconstrued the factual basis of the plea agreement and erroneously found that Cheruvu sufficiently asserted his innocence under the first Schmidt factor. But the government's dissatisfaction with this Court's findings in this regard do not serve as a proper basis for reconsideration. See Nossek, 1994 WL 688298, *1 ("motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge").

Consequently, for all of these reasons, this Court finds no basis for reconsideration.

## IV.     CONCLUSION

The government has failed to demonstrate that reconsideration of this Court's prior decision is necessary or warranted. Its motion for reconsideration will therefore be denied for all of the reasons stated above.

## V. ORDER

IT HEREBY IS ORDERED, that the government's motion for reconsideration (Docket No. 260) is DENIED.

Date: July 10, 2019
      Buffalo, NY

<u>s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge